**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUSTIN GRILLS,

Plaintiff,

v. No. CIV 11-0794 MV/KBM

MARIE LEGRAND,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges in his complaint that Defendant Legrand, his counsel in state criminal proceedings, has failed to investigate exculpatory evidence, consult with him, or follow his instructions. Defendant also has blocked Plaintiff's phone calls from the jail. He contends that Defendant's actions have violated certain New Mexico judicial rules and his rights under the Seventh Amendment. The complaint seeks damages.

Plaintiff's allegations against his defense attorney do not support a claim under 42 U.S.C. § 1983. A § 1983 complaint must allege facts demonstrating the two elements of the statute, *i.e.*, that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Because neither a private attorney nor a public defender undertaking a defense acts under color of state law for purposes of § 1983, *see Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), no relief can be granted on Plaintiff's § 1983 claim against Defendant.

Plaintiff also contends that Defendant's actions have violated certain New Mexico rules. The Court assumes, for purposes of this order only, that Plaintiff is asserting a state law claim against Defendant. In view of the dismissal of the federal claim, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of this state law claim. The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c), (c)(3). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claim, and will dismiss the complaint with

prejudice. *But cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

UNITED STATES DISTRICT JUDGE